E-FILED
Tuesday, 22 September, 2026 11:27:30 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **JEFFERY TODD HENSON, SR.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-3390** |
| | ) | |
| **UNITED STATES OF AMERICA, *et al.*,** | ) | |
| **Defendants.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Jeffery Henson, proceeding *pro se*, brings this action against an Assistant U.S. Attorney for the Central District of Illinois ("AUSA Miller"), the District's U.S. Attorney, "John and Jane Doe Federal Officials," and the United States. Before the Court is Defendants' Motion to Dismiss under Rule 12(b)(6). (Doc. 20). For the following reasons, the Motion is GRANTED.

## I. FACTUAL BACKGROUND

In case number 20-cr-20049, Henson pleaded guilty to Wire Fraud, Money Laundering, and Aggravated Identity Theft, and was sentenced to 102 months' imprisonment and 3 years' supervised release. He complains that AUSA Miller "repeatedly inserted false, misleading, irrelevant, and personally derogatory statements about Plaintiff into government filings" throughout that case and the appellate record, including that Henson was a "recidivist identity thief."[1] (Doc. 1 at ¶¶ 19, 27). At some

[1] Plaintiff also alleges similar statements were made in case number 25-cv-1185, in which Henson sued two FBI agents for investigating him. (Doc. 1 at ¶ 36).

point, Henson's attorney-employer contacted AUSA Miller to determine whether the Government would object to a motion concerning Henson's supervised release and relocation. (*Id.* at ¶ 31). During that conversation, AUSA Miller said that Henson had "stolen from every employer [he] ever had," was "operating an unlawful business," and was "under FBI investigation." (*Id.* at ¶ 32). Henson sent AUSA Miller and the U.S. Attorney a cease-and-desist notice and alleges that the U.S. Attorney failed to intervene and supervise AUSA Miller's "retaliatory behavior." (*Id.* at ¶¶ 37–39). Henson was later notified by his former attorney that he was the subject of a federal grand-jury proceeding. (*Id.* at ¶ 41).

## II. PROCEDURAL BACKGROUND

Henson commenced this action on December 10, 2025, claiming First Amendment Retaliation (Count I), Stigma-Plus Due Process (Count II), Defamation, Negligence, Misrepresentation (Count III), Supervisory Liability (Count IV), and "Declaratory and Injunctive Relief" (Count V). He later moved for a temporary restraining order and preliminary injunction seeking to enjoin a federal grand jury or criminal prosecution against him. (Doc. 7). Finding that *Younger* abstention barred relief, *see Younger v. Harris*, 401 U.S. 37 (1971), the Court denied Henson's motion on January 2, 2026. The Court further considered whether, notwithstanding *Younger*, Henson's claims had a likelihood of success on the merits. *See Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007) (preliminary injunction factors). The Court determined that Henson's claims against the United States appeared to be barred by sovereign immunity, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994),

and to the extent that Henson asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Court concluded they have not been recognized by the Supreme Court. Accordingly, Henson could not show a likelihood of success on the merits of his claims. On February 6, 2026, Defendants filed the instant Motion to Dismiss under Rule 12(b)(6). (Doc. 20).

## III. DISCUSSION

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). The Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true and construing all reasonable inferences in the plaintiff's favor. *Id.* at 457. To state a claim for relief, the plaintiff need only provide "a short and plain statement of the claim" that shows she is entitled to relief, "sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). The complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content, beyond mere speculation or conjecture, from which the court can reasonably infer that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is too speculative where there is an 'obvious alternative explanation' for the complaint's factual allegations." *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 497 (7th Cir. 2025) (quoting *Iqbal*,

556 U.S. at 682). "A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**B. *Bivens* Claims**

Henson brings three individual-capacity claims against federal officials for constitutional violations, Counts I, II, and IV.[2] In *Bivens*, "the Supreme Court recognized an implied damages remedy against federal officers for certain constitutional violations." *Snowden v. Henning*, 72 F.4th 237, 238 (7th Cir. 2023). The Supreme Court has extended *Bivens* on only two occasions and has not done so since 1980:

> *Bivens* involved a claim for damages against federal narcotics agents for alleged Fourth Amendment violations stemming from a warrantless search, arrest, and unreasonable use of force against the plaintiff in his home. The [Supreme] Court later extended the *Bivens* remedy to two additional contexts: a claim against a member of Congress under the Fifth Amendment for workplace sex discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979), and a claim against federal prison officials under the Eighth Amendment for failure to provide adequate medical care, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980). Since then, however, the Court has consistently refused to authorize new *Bivens* claims. Today, extending the *Bivens* cause of action is a "'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135, 137 S. Ct. 1843, 198 L.Ed.2d 290 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)).

*Snowden*, 72 F.4th at 238–39.

[2] The United States and its employees are immune from suits predicated on constitutional tort violations. *See* 28 U.S.C. § 2679(b)(2)(A); *FDIC*, 510 U.S. at 475.

The Supreme Court has expressly held that "there is no *Bivens* action for First Amendment retaliation," *Egbert v. Boule*, 596 U.S. 482, 499 (2022), so Count I fails at the outset. As a result, Henson cannot pursue any failure-to-intervene claim either. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation[.]"). Additionally, Count II fails because there is no *Bivens* action for a stigma-plus due process claim. *Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *see also Liff v. Office of Inspector Gen. for the United States DOL*, 881 F.3d 912, 921 (D.C. Cir. 2018) ("[A]llegations that government officials disseminated information that harmed [a plaintiff's] reputation find an alternative remedy in the Privacy Act, which precludes [a] *Bivens* remedy."). Lastly, *Bivens* liability is restricted to an official's own misconduct and does not permit claims based on supervisory liability. *Iqbal*, 556 U.S. at 676; *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). Accordingly, Count IV fails.

**C. Prosecutorial Immunity**

A prosecutor enjoys absolute immunity from suit "insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)); *see also Garringer v. Daniels*, No. 93-3783, 1994 WL 642409, at *2 (7th Cir. Nov. 15, 1994) (affirming absolute prosecutorial immunity in *Bivens* action). Absolute immunity extends to a prosecutor's supervisors "in a suit directly attacking their actions related to an individual trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 345–46 (2009). But "[a] prosecutor acting in an investigative

capacity may claim only the same qualified immunity that protects police officers and other law-enforcement investigators." *Bianchi*, 818 F.3d at 318; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.").

All of Henson's claims must be dismissed based on absolute prosecutorial immunity. His grievances with AUSA Miller and the other defendants are strictly limited to their prosecutorial actions. This case, in its entirety, is principally based on AUSA Miller's advocacy in government filings in other cases against Henson. Henson even concedes that the bulk of his allegations are barred. (Doc. 22 at 3 ("Plaintiff acknowledges that statements made in formal court filings, appellate briefs, and grand jury proceedings fall within the traditional advocacy function and may be subject to absolute immunity.")). Instead, he now appears to cabin his claims to paragraphs 31 through 35 of his 215-page complaint, concerning the discussion between AUSA Miller and Henson's attorney-employer. He calls AUSA Miller's statements during the discussion "defamatory" and "extrajudicial," but Henson pled himself out of court when he stated the conversation was for the "purpose of determining whether the Government would object to a potential motion relating to Plaintiff's supervised release and relocation."[3] (Doc. 1 at ¶ 31). For all

---

[3] Even if absolute immunity did not apply, Henson admittedly did not exhaust his administrative remedies with respect to his claim under the Federal Torts Claims Act (the "FTCA"), (Doc. 1 at 24 n.1), *see* 28 U.S.C. § 2675, and cannot do so after the fact, *see McNeil v. United States*, 508 U.S. 106, 111–13 (1993). The FTCA also does not permit claims for defamation or misrepresentation. 28 U.S.C. § 2680(h). To the extent these allegations make up his stigma-plus due process claim, Henson merely alleged he sustained "employment

these reasons, Defendants enjoy absolute immunity to the extent that Plaintiff's claims are cognizable under *Bivens* or the FTCA.[4]

## IV. CONCLUSION

Based on the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. (Doc. 20). This action is DISMISSED with prejudice. Clerk is directed to enter Judgment in favor of Defendants and close this case.

ENTER: September 22, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE

consequences" as a result. (Doc. 1 at ¶ 60). *See Hinkle v. White*, 793 F.3d 764, 770 (7th Cir. 2015) (discussing stigma-plus claims).

[4] Given that all of Counts I through IV are dismissed, Count V, "Declaratory and Injunctive Relief," is dismissed.